### KIRCHBERG *v.* GRANDSTAFF.

SPECIFIC PERFORMANCE — ORAL AGREEMENT TO MODIFY LEASES — EVIDENCE—SUFFICIENCY.
> In a suit for the specific performance of alleged oral agreements to modify the terms of certain leases, evidence *held*, insufficient to satisfy the burden resting upon plaintiff to make out his case.

Appeal from Wayne; Richter (Theodore J.), J. Submitted June 13, 1924. (Docket No. 33.) Decided July 24, 1924.

Bill by William Kirchberg against Henry Grandstaff and others for the specific performance of an agreement to modify the terms of certain leases. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Lucking, Helfman, Lucking & Hanlon,* for plaintiff.

*Julius J. Lechner (Francis W. Allen,* of counsel), for defendants.

FELLOWS, J.    This bill seeks the specific performance of alleged agreements to modify the terms of two leases.    Plaintiff is the owner of two store properties located at 261 and 263 (old numbers) Grand River avenue in the city of Detroit.    On September 9, 1915, he leased 263 to Curtis N. Grandstaff and his three sons, the other defendants, for a term of 10 years and 8 months.    The rental was graduated and at the time the present controversy arose was $75 a month.    The lease contained the usual provision against subleasing without written consent of the lessor.    Plaintiff claims that about December 1, 1920, he entered into an agreement with one of the defendants representing them all whereby he agreed that defendants could sublease the premises and as a consideration for such agreement he should be paid an additional rent of $25 a month.    Defendants deny that any such agreement was made with them or any one of them; they claim that plaintiff wanted an increase of that amount and they told him if he could get it from the sublessee it would be satisfactory to them, and that he did collect directly from sublessee $100 a month for 16 months and until the sublessee became aware of his rights and declined to pay beyond the rent fixed in the original lease.    They also claim that before this they had sublet the premises

with plaintiff's knowledge and acquiescence and they produced disinterested testimony to sustain this claim.

On December 6, 1916, plaintiff leased number 261 to defendants Curtis N. Grandstaff and his two sons, Clifford R. and LeRoy F., for a period of 9 years and 5 months from December 1st. The rent of this store was likewise graduated and at the time the controversy arose was $75 a month. This store was vacant for a few months following December, 1920, when the lessees sublet it for a few months. Plaintiff claims a like agreement as to this store which defendants likewise deny. It is defendants' claim that during a few months in 1921 they sublet this store to a ladies' apparel concern at $125 a month and during such occupancy they paid one-half of the excess amount to plaintiff, but resumed their former payments when the concern vacated the premises. About February 1, 1922, defendants sublet to the subtenant of 263. There is testimony, not seriously disputed, that the present tenant has made extensive improvements with the knowledge of plaintiff.

We shall not discuss the legal questions advanced by the parties as we are convinced by a careful reading of the record that not only has plaintiff failed to satisfy the burden resting upon him to make out his case but that the preponderance of the convincing evidence is with the defendants. It would not profit the parties or the profession to detail it and we content ourselves with saying that

The decree dismissing plaintiff's bill will be affirmed, with costs of this court.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.